F07-5499 jll (November 19, 2007)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 20036-5, Under The Pooling And Servicing Agreement Dated As Of April 1, 2003, Without Recourse<br><br>    Plaintiff<br><br>Vs.<br><br>Darnell Spann, et al.<br><br>    Defendants | Case Number 07-03385<br><br>Judge Christopher A. Boyko<br><br>**Judgment Entry And Decree Of Foreclosure** |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

      This matter is before the Court on Plaintiff's Complaint and Motion for Default Judgment. The real property that is the subject of this foreclosure action (the "Property".) is as follows:

(See attached, exhibit "A".)

      The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Darnell Spann and Jane Doe, Real Name Unknown, The Unknown Spouse, If Any, Darnell Spann, have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's

Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Darnell Spann executed the promissory note referenced in the Complaint (the "Note".) and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Darnell Spann executed and delivered the mortgage referenced in the Complaint (the "Mortgage".), that Plaintiff is the holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have been broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court finds that there is due on the Note principal in the amount of $76,389.59 plus interest at the rate of 8.70% per annum from May 1, 2007. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, Property Preservation, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Darnell Spann.

The Court finds that the Mortgage was recorded with the Cuyahoga County Recorder and is a valid and subsisting first mortgage on the Property.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the property shall be foreclosed and the property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution in accordance with the provisions of Amended General Order 2006-16, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts, directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** January 29, 2008

                                                        s/Christopher A. Boyko
                                                        Judge Christopher A. Boyko
                                                        United States District Judge

Approved:

***/s/ C. Scott Casterline***
C. Scott Casterline (0073990)
Carlisle, Mcnellie, Rini,
Kramer & Ulrich Co., L.P.A.
24755 Chagrin Boulevard, Suite 200
Cleveland, OH 44122
Ph: 216/360-7200
Fax: 216/360-7210
scasterline@carlisle-law.com
Attorney for Plaintiff